

**Signed and Filed: December 10, 2010**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 08-32577 SFC |
| JIN FAR LIANG, | Chapter 13 |
| Debtor. | |

### MEMORANDUM RE DEBTOR'S MOTION FOR RECONSIDERATION

Debtor brought a motion against judgment lien creditor MGM Grand Hotel, LLC (MGM) to avoid MGM's lien against Debtor's residence on the basis that it impaired Debtor's homestead. After a short trial, the court denied the motion, determining that the residence was community property, that the debt owed to MGM was a community obligation, and that the value of the residence was sufficient to pay both the judgment lien and Debtor's homestead exemption. Debtor *argued* at trial that he was separated from his wife at the time the debt was incurred, but offered no *evidence* to support that claim. The court found on the basis of the evidence presented at trial that Debtor and his wife were married and living together when the debt was incurred.

MEMO RE MOTION FOR RECONSIDERATION     -1-

Debtor then brought the present motion for reconsideration, seeking to reopen the case to introduce evidence that he and his wife were separated. At the hearing on the motion for reconsideration, Debtor then raised for the first time the argument that the debt was by its very nature not a community obligation, because it was a gambling debt, citing <u>Cairo v. Cairo</u>, 204 Cal. App. 3d 1255 (1988).

Debtor's motion for reconsideration should be denied. The case should not be reopened to allow Debtor to introduce evidence that he was separated when he incurred the debt, because the evidence (Debtor's own testimony) is not newly discovered evidence that was not known to Debtor before trial. The <u>Cairo</u> decision did not hold that a gambling debt may not be enforced against community property. That case involved the allocation of debt between spouses upon dissolution of marriage, not the enforcement of a debt by a creditor.

MGM's counter-motion for sanctions should also be denied. The argument made for imposition of sanctions--that Debtor's motion was frivolous--indicates that MGM is seeking sanctions under Rule 11 (Bankruptcy Rule 9011). MGM's request must be denied, because the request for sanctions was not made by a separate motion. <u>See</u> Fed. R. Bankr. P. 9011(c)(1)(A). The court declines to act on its own motion. <u>Id.</u> 9011(c)(1)(B).

**\*\*END OF MEMORANDUM\*\***

MEMO RE MOTION FOR RECONSIDERATION    -2-